UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HENRY DENNIS**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 10-3201**

**FLUID CRANE AND**                                           **SECTION "B"(1)**
**CONSTRUCTION, INC., ET AL**

ORDER AND REASONS

**IT IS ORDERED** that Defendant American Fire and Safety, LLC's ("American Fire") Motion to Dismiss (Rec. Doc. No. 46), opposed by Plaintiff Henry Dennis (Rec. Doc. No. 47), is **GRANTED.**

This case has been brought under the general maritime law as well as "maritime 905(b) negligence laws." Plaintiff originally alleged negligence against Fluid Crane and Construction Inc. as the operator of a production platform known as the Devon Energy XXI, and Energy XXI as the owner of the platform. (Rec. Doc. No. 1). On March 4, 2011, Energy XXI, defendant in the main demand, filed a Third Party Complaint against American Fire. (Rec. Doc. No. 37). Energy claims that pursuant to a Master Service Agreement, American Fire is obligated to defend, indemnify, and hold Energy XXI harmless from and against the claims of Plaintiff against Energy XXI and to provide Energy XXI with certain insurance coverages. (Rec. Doc. No. 37). Thereafter, on March 4, 2011, Plaintiff filed a Second Supplemental and Amending Complaint claiming damages directly against American Fire. (Rec. Doc. No. 39).

American Fire seeks dismissal of Plaintiff's direct claims against it, contending that even if a Master Service Agreement

existed between American Fire and Energy XXI at the time of Plaintiff's alleged accident, Plaintiff stated no factual or legal basis for a claim for damages against American Fire.

Plaintiff contends that Rule 14(c)of the Federal Rules of Civil Procedure allows a defendant in an admiralty or maritime action to implead a third-party defendant who may be liable to either the plaintiff or the defendant/third-party plaintiff. Plaintiff further contends that because the third-party plaintiff has demanded judgment against the third-party defendant in favor of plaintiff, the action should proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

**I. Standard of Review**

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted). The Supreme Court in

*Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombley*, 550 U.S. at 570.

**II. Federal Rule of Civil Procedure 14(c) does not alleviate Plaintiff's burden to assert a factual basis for his claim against American Fire.**

Federal Rule of Civil Procedure 14 allows a defendant to assert a Third Party Complaint against a non-party who may be liable to the plaintiff or the defendant. Section (c) of Rule 14

creates an exception for admiralty claims that also allows a defendant to implead a party who may be directly liable to the plaintiff, whether or not that party is liable to the defendant. Thus, Rule 14(c) expands the defendant's rights procedurally when a claim is made under admiralty law. However, Rule 14(c) does not create new substantive rights in favor of the plaintiff.

Assuming as true that a Master Service Agreement existed between American Fire and Energy XXI at the time of Plaintiff's alleged accident, Plaintiff states no basis for his alleged right to recover under that contract. Plaintiff does not allege that he was privy to the contract. Plaintiff states no grounds to demonstrate any accession to any rights under the contract. Even if the court finds, as alleged in the Third-Party Complaint, that certain rights exist in favor of Energy XXI under the Master Service Agreement, those contractual rights do not inure to Plaintiff's benefit. *Cf. Trahan v. D&L Salvage, LLC,* CIV A 08-4590, 2009 WL 1208989 (E.D. La. May 1, 2009). Plaintiff must still assert a factual basis for recovery against American Fire, which he has failed to do.

While no basis presently exists for Plaintiff's direct claim against American Fire, a dismissal without prejudice is appropriate in the event another basis for relief arises.

New Orleans, Louisiana, this 1st day of July, 2011.

_____
United States District Judge