UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY DENNIS | CIVIL ACTION |
| VERSUS | NO. 10-3201"B"(1) |
| FLUID CRANE AND CONSTRUCTION, INC., ET AL. | JUDGE LEMELLE<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER AND REASONS

Before the Court are the Motion for Summary Judgment by Defendant Energy XXI GOM, LLC ("Energy XXI") (Rec. Doc. No. 80), Motion for Summary Judgment by Third-Party Defendant American Fire and Safety, LLC ("American Fire") (Rec. Doc. No. 77), and Cross-Motion for Summary Judgment by Third-Party Plaintiff Energy XXI (Rec. Doc. No. 85), and oppositions and replies related to these motions. For the following reasons,

Defendant Energy XXI's Motion for Summary Judgment (Rec. Doc. No. 80) is **DENIED,** without prejudice to reurge at the close of discovery; Third-Party Defendant American Fire's motion for summary judgment (Rec. Doc. No. 77) is **GRANTED IN PART AND DENIED IN PART**, as detailed below; and Third-Party Plaintiff Energy XXI's Motion for Summary Judgment (Rec. Doc. No. 85) is **GRANTED IN PART AND DENIED IN PART**, as detailed below.

This case has been brought under the general maritime law as well as "maritime 905(b) negligence laws." On January 21, 2010,

1

Plaintiff, Henry Lee Dennis, Jr., was working on a fixed platform that was being dismantled off the coast of Texas owned by Energy XXI. He allegedly injured himself during a slip-and-fall in oil while employed aboard the platform as a fire watcher for American Fire.

Plaintiff originally alleged negligence against Fluid Crane and Construction, Inc., ("Fluid Crane") as the operator of a production platform and Energy XXI as the owner of the platform. (Rec. Doc. No. 1). Plaintiff later added as defendants independent contractors Offshore Cleaning Systems, LLC ("OCS") and Wood Group Production Services, Inc. ("Wood Group"), and Donald Oliver, allegedly an employee of Wood Group. (Rec. Doc. No. 89).

On March 4, 2011, Energy XXI, defendant in the main demand, filed a Third Party Complaint against American Fire. (Rec. Doc. No. 37). Energy XXI claims that pursuant to a Master Service Agreement, American Fire is obligated to defend, indemnify, and hold Energy XXI harmless from and against the claims of Plaintiff Energy XXI and to provide Energy XXI with certain insurance coverages. (Rec. Doc. No. 37).

A.   *Summary Judgment Standard*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.** *Motion for Summary Judgment on Liability of Platform Owner*

Defendant Energy XXI admits that it was the owner of the platform, but asserts that because it entered into Master Service Agreements with Fluid Crane, American Fire, Offshore Cleaning, and the Wood Group to oversee and provide labor for the dismantling and removal work that was underway on the platform at the time of the alleged incident, it cannot be held liable for the injuries alleged

3

by Plaintiff Dennis.

Plaintiff Dennis asserts that Defendant Energy XXI, through an as-yet unidentified employee named Donnie, operated and supervised Plaintiff's work on the platform, and knew about the oil spill that allegedly caused Plaintiff's slip and fall, and thus may be held liable for his damages. Plaintiff argues that, because parties have recently been added, discovery is incomplete and Defendant's Motion is premature.

The subject platform was located on the Outer Continental Shelf off the coast of Texas; the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333 thus requires the application of Texas substantive law in this matter.

In Texas, "[t]he general rule is that an employer is not liable for the torts of an independent contractor or its servants." *Gaspard v. Cox*, 583 S.W.2d 877, 878 (Tex. Civ. App. 1979)(citing *Cameron Mill & Elevator Co. v. Anderson*, 81 S.W. 282 (1904)). Moreover, pursuant to Chapter 95 of the Texas Civil Practice and Remedies Code, a property owner is not liable for injuries to an independent contractor "who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace," unless (1) the property owner exercises or retains some control over the manner in which the work is

performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury death, or property damage and failed to adequately warn. Tex. Civ. Prac. & Rem. Code § 95.003. The right of control must be more than general or supervisory; it must extend to the operative detail of the contractor's work so that the contractor is not free to do the work in its own way, and it must be controlling over the injury-producing activity itself. *Id*.

Defendant Energy XXI contends that it had no such control over the work of its independent contractors, and that it had no knowledge of the oil spill that caused the slip and fall.

Plaintiff alleges that Energy XXI exercised the requisite control through a platform supervisor it directly employed named Donny and had actual knowledge of the spilled oil. (Rec. Doc. No. 86-2, p. 3). Plaintiff alleges that Donny ran the safety meetings on the platform, discussed the daily work to be done, gave Dennis his work orders, and directed Dennis to work at the spot of the oil leak. (Rec. Doc. No. 86-2, p. 2). Plaintiff alleges further that Donny knew of the spilled oil in which Plaintiff tripped, and had instructed crewmembers to clean up the spill. (Rec. Doc. No. 86-2, p. 3, 86-4, p. 1).

Defendant Energy XXI suggests that the Donny referred to by

the Plaintiff is actually Donald Olivier, an employee of Wood Group and named defendant in this case. (Rec. Doc. No. 100, p. 1, Rec. Doc. No. 89, p. 2). However, as Wood Group and Olivier were only recently joined as parties, factual discovery is incomplete. Although it is unlikely that the Donnie described by Plaintiff is a different person than Defendant Donnie Oliver, the evidence presented thus far must be considered in the light most favorable to the non-moving party. Plaintiff Dennis has made a minimum showing that there remains a factual issue regarding the control and knowledge of Energy XXI. As such, Defendant's Motion for Summary Judgment is dismissed, without prejudice to reurge after discovery has been made relating to the newly joined parties.

### C. Cross-Motions for Summary Judgment on Third-Party Claims Regarding Indemnity and Additional Insured Status

Third-Party Defendant American Fire contends that the third-party claims of Energy XXI for indemnity and additional insured status are prohibited and invalidated by the provisions of the Texas Oilfield Anti-Indemnity Act (TOAIA).

Third-Party Plaintiff Energy XXI argues that because the contracted work was dismantling and removal of the platform, instead of obtaining or maintaining production from the well, the TOAIA does not apply to invalidate the indemnity provision of the Master Service Agreement ("MSA"). Energy XXI argues, alternatively,

that even if the indemnity provision of the MSA is not valid, the insurance coverage provision of the MSA is independently enforceable.

As discussed above, the Outer Continental Shelf Lands Act, 43 U.S.C. § 133 requires the application of Texas substantive law in this matter.

It is undisputed that the Master Service Agreement in existence between Energy XXI and American Fire contains both insurance and indemnity provisions, which would be valid and enforceable absent some provision of law that would void the provisions. (Rec. Doc. No. 77, p. 6). The applicability of the Texas Oilfield Anti-Indemnity Act, Tex. Civ. Prac. & Rem. Code § 127.001 *et seq.*, which voids indemnity provisions that purport to indemnify a party against liability caused by the indemnitee's sole or concurrent negligence and arising from personal injury, death, or property damage, *Id*. at §127.003, is at issue in this case. The TOAIA applies to indemnity provisions in agreements "pertaining to a well for oil, gas, or water or to a mine for a mineral" if those agreements seek to indemnify a person for his own negligence. *Id*.

The indemnity provision recited in Section 4(b) of the MSA purports to indemnify Energy XXI for all claims, including claims relating to its own negligence:

> Contractor [American Fire] shall be responsible, and ENERGY XXI shall never be liable, for personal injury to or death of any person, including, but not limited to, any of Contractor's employees ... and Contractor agrees to defend, indemnify and hold harmless, ENERGY XXI, against any and all such claims, demands, losses or suits (including, but not limited to, claims, demands, or suits for bodily injury, illness, disease, death or loss of services, or wages) which may be brought against ENERGY XXI by any ... employee of Contractor ... in any wise arising out of or incident to the work to be performed under this Contract by Contractor ... even though occasioned, brought about, caused by, arising out of or resulting from ... the negligence or strict liability, in whole or in part, of ENERGY XXI, or by or from any other means, relationship or cause, without limitation whatsoever.

(Rec. Doc. No. 84-5, p. 2)

Energy XXI argues that the TOAIA applies only to "pre-completion tasks," such as drilling; "post-completion work," such as "general maintenance tasks," such as repairing and improving; "regulatory tasks," such as testing; and "services necessary to prepare the ultimate product for transport and sale," such as treating. (Rec. Doc. No. 84-1, p. 6). In other words, Energy XXI argues that the TOAIA is inapplicable unless the services called for by the contract "bear a close nexus to a well and are directed toward the goal of obtaining or maintaining production from a well." (Rec. Doc. No. 84-1 at 6, quoting *John E. Graham & Sons v. Brewer*, 210 F.3d 333 342 (5th Cir. 2000)). However, the Fifth Circuit in *Graham* did not directly address the types of work to which the TOAIA applies; Energy XXI cites merely to dicta in that

8

opinion.

Indeed, the TOAIA definition of rendering well or mine services includes not merely the fifteen enumerated services but also a catch-all provision of "otherwise rendering services in connection with a mine shaft, drift, or other structure intended for use in exploring for or producing a mineral." Tex. Civ. Prac. & Rem. Code § 127.001(4)(A)(ii). This provision must reasonably be read to include all activities pertaining to covered structures, including activities related to removal of the structures after the completion of exploration and/or production.

Because the platform and the work contracted are covered by the provisions of the TOAIA, the indemnity provision of the MSA is not valid. Summary judgment on the issue of the indemnity provision is therefore granted in favor of Third-Party Defendant American Fire.

However, the TOAIA does not require the striking of an independent additional insured provision. Texas law provides generally that additional insured provisions separate from and additional to an indemnity provision are enforceable regardless of whether the indemnity provisions are enforceable, and specifically that the TOAIA applies exclusively to indemnity agreements and does not prohibit an additional insured provision. *Getty Oil Co. v. Ins. Co. of North America*, 845 S.W.2d 794, 803-06 (Tex. 1992).

Here, the insurance provision required American Fire to carry certain minimum insurance coverages and to name Energy XXI as an additional insured under the policies with the rights of subrogation waived:

> [American Fire] agrees to procure, maintain and amend, at its sole expense ... policies of insurance in the amounts outlined on Exhibit "A" attached hereto, which may from time to time be changed in accordance with ENERGY XXI's request as its needs and requirements change, which coverage shall fully address the liabilities assumed hereunder... Said policies shall further contain endorsements naming ENERGY XXI as an additional insured under said policies and waive the underwriters' rights of subrogation in favor of ENERGY XXI... Further, the terms of liability shown for each of the insurance coverages to be provided by [American Fire] ... shall not be deemed to constitute a limitation of [American Fire's] ... liability for claims and actions.

(Rec. Doc. No. 84-5, p. 2).

Further, the MSA includes a savings clause, stating that each provision is separately enforceable despite the unenforceability of other provisions:

> In the event one or more of the provisions contained in this Contract shall be held, for any reason, to be invalid, void, illegal or unenforceable in any respect, such validity, voidness, illegality or unenforceability shall not affect the remaining provisions hereof, and this Contract shall remain unaffected and shall be construed as if such invalid, void, illegal or unenforceable provision had never been contained herein.

(Rec. Doc. No. 84-5, p. 5).

American Fire argues that the MSA's insurance provision, because it requires minimum insurance to "fully address the

liabilities hereunder," is not separate from the indemnity agreement and thus is not enforceable. However, the insurance provision applies to all liabilities under the contract, not merely indemnification. To that end, the insurance provision is clear and unambiguous. The TOAIA "does not purport to regulate any agreements for the purchase of insurance unless the insurance is *only* to support the performance of the indemnity." *Certain Underwriters at Lloyds of London v. Oryx Energy Co.*, 142 F.3d 255, 260 (5th Cir. 1998)(emphasis added). Thus, the TOAIA does not apply to the insurance provision of the MSA, and that provision remains valid, regardless of the validity or enforceability of the indemnity provision. Summary judgment is therefore entered in favor of Third-Party Plaintiff Energy XXI on the insurance issue.

    New Orleans, Louisiana, this 14th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE